**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Paul J. Watson, Jr., ) | C/A No.: 7:03-1932-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Mrs. Smith's Bakery of Spartanburg, LLC; ) | |
| John Doe Corporation; Flowers Foods, Inc.; ) | |
| and Schwan Food Company, d/b/a ) | |
| Schwan's Bakery Operations, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is: (1) Plaintiff's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e); and (2) Defendants' motion to reconsider this Court's September 28, 2005, Order, or in the alternative for an extension of time in which to respond to Plaintiff's memorandum in support of his motion to alter or amend the judgment.

**Background Facts and Procedural History**

By way of background information the Court will note that on September 7, 2005, this Court issued an Order granting the defendants' motion for summary judgment as to the plaintiff's federal causes of action and declining to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. The judgment reflecting this Court's Order was entered on September 8, 2005.

On September 21, 2005, the Court's Chambers received an email from Plaintiff's counsel which contained a motion to alter or amend the judgment and a motion for an extension of time to file a memorandum in support of the motion to alter or amend the judgment. This Court issued an Order on September 23, 2005, finding that the motions were not properly before the Court because they were not filed. However, after that Order was entered, the Court was informed by plaintiff's counsel, as

evidenced by an affidavit which has been filed, that she was instructed by the Clerk's office to e-mail to the Court's Chambers the documents she wished to file as a result of counsel's computer malfunctioning. The Court was not aware of this communication at the time it issued the Order on September 23, 2005.

On September 28, 2005, the Court issued an Order which held that the e-mail on September 21, 2005, constituted a proper filing under the circumstances and accepted the plaintiff's motions for filing *nunc pro tunc*. As such, the Court found the plaintiff's motion to alter or amend the judgment and motion for an extension of time to file a memorandum in support of his motion to alter or amend the judgment would be considered to have been properly filed on September 21, 2005. Also, for good cause shown, the Court granted the plaintiff's motion for an extension of time to file a memorandum in support of the motion to alter or amend the judgment.

## Discussion

**I.     Defendants' Motion to Reconsider**

On September 29, 2005, Defendants filed a motion to reconsider this Court's September 28, 2005, Order, or in the alternative for an extension of time in which to respond to Plaintiff's memorandum in support of his motion to alter or amend the judgment.

The defendants first note that the plaintiff did not actually "file" the motion to alter or amend the judgment nor the motion for an extension of time to file a memorandum until September 27, 2005. Defendants next indicate that "[o]n September 28, 2005, this Court entered an Order granting **both** [m]otions, finding that the September 21st e-mail was a proper filing under the circumstances and that both [m]otions would be considered by the Court to have been filed on September 21, 2005." (Entry

Number 58-2, p. 2) (emphasis added).[1]

In the motion, Defendants argue that pursuant to Fed.R.Civ.P. 6(b) and 59(e) a party must file a motion to alter or amend a judgment no later than 10 days following entry of judgment and this period may not be extended by consent or Order of the Court. The defendants cite to Panhorst v. United States, 241 F.3d 367 (4th Cir. 2001), for the proposition that the 10 day provision is jurisdictional and mandatory. The defendants argue that this Court lacked jurisdiction for the action it took in the Order of September 28, 2005, because they contend the ten day period expired at the end of the day on September 21, 2005.[2] Likewise, the defendants argue that when the plaintiff actually accomplished filing his motions on September 27, 2005, the ten day period had expired and the motions were time barred.

Initially, it must be noted that this Court did not extend the ten day period for filing the plaintiff's motion to alter or amend the judgment in the Order of September 28, 2005. Instead, the Court only held that papers it had received on September 21, 2005, in Chambers, were timely. The

---

[1] This is a misstatement by the defendants as the Court's Order on September 28, 2005, **only** granted the plaintiff's motion for an extension of time to file a memorandum in support of the motion to alter or amend the judgment. The plaintiff's motion to alter or amend the judgment was **not** granted by the Court's Order of September 28, 2005.

[2] As previously stated, the judgment in this case was entered on September 8, 2005. Pursuant to Rules 6(b) and 59(e) the plaintiff was required to file his motion to alter or amend the judgment no later than 10 days following the entry of judgment. However, pursuant to Rule 6(a), in computing any period of time prescribed or allowed by the rules, the day of the act or event from which the designated period of time begins to run shall not be included. Rule 6(a) also provides that if the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Furthermore, pursuant to Rule 6(e), whenever a party has the right or is required to do some act within a prescribed period of time after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed. Considering such, the plaintiff's motion to alter or amend judgment was due on September 26, 2005. Thus, the defendants' assertion that the plaintiff's motion was due on September 21, 2005, is incorrect.

Court finds that it did not lack jurisdiction for this action because Fed.R.Civ.P. 5(e) provides an exception to the requirement of filing papers with the clerk. This exception states that "the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." The defendants have cited several cases in their memorandum which they argue limit the Rule 5(e) exception to the filing with the clerk requirement and show that it is not applicable in this case. First, the Court notes that the cases upon which the defendants rely are not binding precedent as they are from other circuits. However, the Court finds that these cases do not invalidate the Court's action in the case at bar, as they all make reference to a Court's *discretion* in accepting papers directly. For instance, when analyzing a Court's authority to directly accept papers, the Second Circuit Court of Appeals held in International Business Machines Corp. v. Edelstein, 526 F.2d 37, 46 (2d. Cir. 1975), that:

> Filing directly with the Court may be necessary for the protection of the parties where, for example, the delay occasioned by first filing with the clerk will cause irreparable harm. It is not, however, a procedure to be invoked by the Court for the purpose of selectively determining what papers should properly constitute the trial record of the controversy before it. Rule 5(e), it should be emphasized, speaks only of the granting of permission to file papers with the Court; it does not speak of any judicial discretion to refuse thereafter to file papers with the Clerk. Moreover, we specifically note the rule's language that the Court 'may permit the papers to be filed' with it (emphasis supplied); the use of 'may permit' instead of 'may order' suggests to us that such filing is proper only when the Court's discretion has been invoked by one of the parties for good cause, and that the rule was not intended to be invoked by the Court sua sponte.

In the case at bar, the affidavit by Plaintiff's counsel and the Order of September 28, 2005, reveal that the Court's discretion was invoked by one of the parties for good cause shown and the action taken was not simply sua sponte by the Court. Therefore, the Court finds the Defendants' motion to reconsider this Court's September 28, 2005, Order should be denied. As noted above, the defendants

also request, in the alternative, for an extension of time in which to respond to Plaintiff's memorandum in support of his motion to alter or amend the judgment, however, this request is moot because at this time the defendants have already filed a response to the plaintiff's memorandum.

**II.     Plaintiff's Motion to Alter or Amend the Judgment**

As discussed at great length above, the plaintiff has filed a motion to alter or amend the judgment pursuant to Rule 59(e).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of *new evidence*; or (3) "to correct a *clear error of law* or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made* before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court. The motion is basically an attempt to reargue issues already fully briefed and decided by this Court *and* to raise additional facts, references, and arguments which *could* have been presented and argued in the response in opposition to the motion for summary judgment or in the objections to the Magistrate's Report, and

therefore, are not "new" evidence. For the reasons stated above, the Court finds the plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) should be denied.

## Conclusion

For the above reasons, it is hereby **ORDERED** that Defendants' motion to reconsider this Court's September 28, 2005, Order is **DENIED** in part, and **MOOT** in part; and Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) is **DENIED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
December 12, 2005